UNITED STATES of America, Plaintiff,

The State of Michigan et al., Plaintiffs-Intervenors,

State of Minnesota and Minnesota Pollution Control Agency, Plaintiffs,

v.

RESERVE MINING COMPANY et al., Defendants,

Northeastern Minnesota Development Association et al., Defendants-Intervenors.

No. 5–72–Civ–19.

United States District Court, D. Minnesota, Fifth Division.

July 7, 1976.

John E. Varnum, Washington, D. C., for plaintiff United States of America.

Michael H. Ferring, St. Paul, Minn., for United States Army Corps of Engineers.

Byron E. Starns, Jr., Philip Olfelt, C. Paul Faraci and James M. Schoessler, St. Paul, Minn., for plaintiff State of Minnesota.

William P. Dinan, Robert Asleson, Daniel C. Berglund, Duluth, Minn., for plaintiff City of Duluth.

Howard Vogel, Minneapolis, Minn., for plaintiffs Minnesota Environmental Law Institute, Inc., Northern Environmental Council, Save Lake Superior Ass'n, Michigan Environmental Student Confederation, Inc., and Environmental Defense Fund, Inc.

Edward T. Fride, Duluth, Minn., and Maclay Hyde, Minneapolis, Minn., for defendant Reserve Mining Co.

William T. Egan, Minneapolis, Minn., for defendant Republic Steel Co.

John B. Gordon and G. Allen Cunningham, Minneapolis, Minn., for defendant Armco Steel Co.

Wayne G. Johnson, Silver Bay, Minn., for defendants Village of Beaver Bay, Silver Bay Chamber of Commerce, Village of Silver Bay, Town of Beaver Bay, Lax Lake Property Owners Ass'n.

## ORDER TERMINATING DISCHARGE OF TACONITE TAILINGS

DEVITT, Chief Judge.

My responsibility now is to signal the end of the dumping of taconite tailings into Lake Superior—it is not to effect a choice between Milepost 7 and Milepost 20 as the appropriate on-land disposal site.

I regret that the parties have not been able to agree on a suitable disposal site. Because of danger to health and environment, Reserve must cease its discharge of production wastes into Lake Superior. If Minnesota and Reserve could have agreed on an on-land disposal site, the long relationship between them, economically beneficial to both, could have continued.

The authority I exercise this day comes from the Court of Appeals. *Reserve Mining Co. v. Environmental Protection Agency,* 514 F.2d 492, 538 (8th Cir. 1975). It declared that if Reserve and Minnesota were unable to reach agreement as to an on-land disposal site within a reasonable time—one year was suggested—then Reserve must stop its discharge into Lake Superior one year from "final administra-

tive determination" that no acceptable site would be offered. *Id.*

Now, after almost 16 months of study, discussion, negotiation, debate, extensive hearings and official actions by state agencies, no agreement has been reached: Reserve still demands Milepost 7 which Minnesota will not permit, and Minnesota offers Milepost 20 which Reserve does not want.

■ Reserve argues that there has not been final administrative action until after judicial review of the state agencies' decisions. This contention, however, is belied by the court's use of the language "final *administrative*" action, would be inconsistent with the federal courts' oft-expressed concern for expeditious determination of this matter, and would occasion even further protracted hearings and legal proceedings in derogation of the public's right to a final resolution of this lawsuit.

■ Reserve has not made a showing through the affidavit of its Executive Vice President Banovitz that there are significant new scientific or medical studies bearing on the health hazard which justify a modification of the time limits set by the Court of Appeals.

On the basis of the files and records, I FIND that Minnesota has made a "final administrative determination that it will offer Reserve no site acceptable to Reserve for on-land disposal of tailings" and DIRECT that Reserve and its parent corporations cease discharge of taconite tailings into Lake Superior one year from today, at midnight on July 7, 1977.